UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Genre Brogue,

          Plaintiff,      Case No. 18-cv-11371

v.                             Judith E. Levy
                              United States District Judge

Meghan Brennan, et al,
                              Mag. Judge Elizabeth A. Stafford

          Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [5] AND DISMISSING PLAINTIFF'S COMPLAINT [1] PURSUANT TO 28 U.S.C. § 1915(e)(2)**

Before the Court is plaintiff Genre Brogue's complaint, filed May 1, 2018, (Dkt. 1) and her application to proceed *in forma pauperis*, filed May 25, 2018. (Dkt. 5.) Plaintiff alleges that, for several decades, United States Postal Employees have been improperly delivering her mail due to multiple fraudulent changes-of-address.

## I. Proceeding *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action

or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Only after the complaint is filed should it be tested to determine whether it is frivolous or fails to state a claim. *Id.*

The Court has reviewed plaintiff's application and finds that it "contains allegations of poverty sufficient to allow [her] to proceed without prepayment of costs." *Id.* at 262.

**II.  Dismissal of Complaint**

Under 28 U.S.C. § 1915, the Court must dismiss a case filed *in forma pauperis* if "at any time, [ ] the court determines that . . . the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Construed in the light most favorable to her, plaintiff alleges that she has "been the victim of fraudulent changes-of addresses which have caused undetermined financial as well as personal losses." (Dkt. 1 at 6.) She asserts that as a result of the changes of address, United States Postal Service employees are wrongly delivering her mail, which is causing her to experience financial and personal losses. (*Id.*) She also asserts her belief that "everything of value is being pilfered" from her mail. (*Id.*)

Plaintiff asserts in one portion of her complaint that the Court's jurisdiction is diversity jurisdiction (Dkt. 1 at 3) and in another portion of her complaint that the Court's jurisdiction is federal question jurisdiction. (*Id.* at 10.) She alleges that her "civil rights are being grossly violated" (*Id.* at 5) and indicates that the nature of her suit is related to "Racketeer Influenced and Corrupt Organizations." (*Id.* at 10.) She filed her complaint against Meghan Brennan, the United States Postmaster General; the unnamed Assistant/Acting Treasurer of the United States; the United States Secretary of Defense; and the United States Attorney General. (Dkt. 1 at 2–3.) She is seeking unspecified actual and punitive damages.

Although plaintiff does not specify a particular statute under which she brings her claims, her allegations of negligent failure to timely and effectively deliver her mail appears to be a potential claim under the Federal Tort Claims Act (FTCA). The FTCA is the "exclusive means by which a party may sue the United States for money damages . . . in tort." 28 U.S.C. § 2679. Under the FTCA, "[t]he United States [is] liable . . . in the same manner and to the same extent as a private individual under

like circumstances, but [is] not liable for . . . punitive damages." 28 U.S.C. § 2674.

In the present case, plaintiff's complaint is subject to dismissal because her claims are barred by the doctrine of sovereign immunity. "Under well-established and familiar principles of sovereign immunity, the United States may not be sued without its consent, and the terms of this consent define the jurisdiction of the courts to entertain a suit against the government." *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir. 2013) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). Although the FTCA provides a limited waiver of sovereign immunity, the waiver is not applicable to plaintiff's claim.

As an initial matter, plaintiff has filed suit against four government officials – the Postmaster General, the acting Treasurer of the United States, the Secretary of Defense, and the Attorney General – but not against the United States. Under the FTCA, a district court lacks subject matter jurisdiction where the plaintiff fails to name the United States as a defendant. *See* 28 U.S.C. § 2679(a); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).

However, even if plaintiff were granted leave to amend her complaint to name the United States as a defendant, "the United States has expressly retained its sovereign immunity over claims for negligent handling of the mail which are filed under the FTCA." *Livingston v. Martin*, 28 F. App'x 434, 435 (6th Cir. 2002). The FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters of postal matter." 28 U.S.C. § 2680(b).

Because the FTCA's waiver of sovereign immunity does not apply to plaintiff's claim that stems from "several decades" of "first class mail being 'missent'" (Dkt. 1 at 6), and because without a waiver of sovereign immunity, the district court lacks jurisdiction to entertain the suit, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

Accordingly, the Court GRANTS plaintiff's motion to proceed *in forma pauperis* (Dkt. 5) and DISMISSES plaintiff's complaint (Dkt. 1) with prejudice for lack of subject matter jurisdiction.

Further, the Court certifies that an appeal of this order would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

Dated: June 5, 2018  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 5, 2018.

 s/Shawna Burns
 SHAWNA BURNS
 Case Manager